609 P.2d 659

**Edna E. HOPKINS, a single person, Plaintiff-Appellant,**

**v.**

**TRI–STATE BANK & TRUST COMPANY, W. R. Crowley and Lorraine Crowley, and their successors in interest to a certain piece of real property described as Lots 1, 2 and 3 of Block 1 of the Craven Addition, City of Montpelier, County of Bear Lake, Idaho, and Farmers Insurance Group, Defendants-Respondents.**

**No. 12916.**

Supreme Court of Idaho.

April 15, 1980.

David J. Knowlton, Ogden, Utah, for plaintiff-appellant.

Randall C. Budge, of Transtrum & Budge, Soda Springs, for defendants-respondents Crowley.

PER CURIAM.

This appeal involves a dispute over the default and fire insurance provisions in an escrowed installment land sale contract.

The parties herein have stipulated to the relevant facts. August 28, 1974, appellant Edna Hopkins entered into an installment contract with respondents W. R. and Lorraine Crowley for the sale of certain residential property. The purchase price was $7,000.00 of which $1,000.00 was paid as a down payment. The principal balance of $6,000.00 plus 10% interest was to be paid in monthly installments of $80.00 per month commencing September 20, 1974 and continuing on the twentieth day of each month thereafter until the entire balance plus interest was paid.

A clause in the contract provided:

"The parties further agree that a fire insurance policy which the Purchaser has

---

heretofore purchased to insure the buildings on said premises shall be placed in escrow and in case of fire, the principal balance owed shall be paid to the Seller."

The contract further provided for Payment of Costs:

"The Seller and Purchasers each agree, should they default in any of the covenants and agreements herein, the person who defaults shall pay all costs and expenses that may arise from enforcing this Contract, either by suit or otherwise, including a reasonable attorney's fee."

The dwelling on the subject property was totally destroyed by fire on January 14, 1976. A Farmers Insurance Group policy insured the dwelling against loss by fire and was in full force and effect when the fire occurred. On January 30, 1976, a proof of loss statement was furnished to Farmers Insurance Group wherein the property interests of appellant Hopkins and respondents Crowley were shown.

After the fire, respondents Crowley received from appellant a letter dated January 24, 1976, which stated:

"Due to the recent fire on the place . . I declare the contract to be in default as of January 16, 1976, and will repossess that same contract February 16, 1976, if all interests and principal owed is not paid by February 16, 1976."

At the time of the fire and two days thereafter (the date as of which appellant purportedly declared the contract in default), respondents Crowley were current in their installment payments. At no time have respondents Crowley received a notice of default for non-payment of sums due under the contract with appellant Hopkins.

June 9, 1976, appellant Hopkins initiated this action against respondents Crowley, Tri-State Bank & Trust Company and Farmers Insurance Group, seeking a declaration of forfeiture of the contract, the return of all escrowed documents, the return of the premises, damages, costs and attorney fees. Respondents Crowley answered, denying any default under the contract, and counterclaimed for their own costs and attorney fees. Farmers Insur-

ance Group has agreed to replace the dwelling or pay $14,500.00 in proceeds to the successful litigant.

In granting summary judgment for respondents Crowley, the district court concluded the Crowleys had not defaulted under the contract; awarded appellant the insurance proceeds in the amount of the unpaid balance with interest; awarded Crowleys the remainder of the insurance proceeds and attorney fees; and quieted title to the property in them.

Edna Hopkins appeals, urging the trial court erred in finding no default and in refusing to declare a forfeiture of the Crowleys' rights in the property.

The trial court found no ambiguity in the contract provisions which provided for payment of the accelerated balance from the proceeds of the insurance policy, as and when the proceeds became available to respondents. The district court was correct in finding there was no default of the contract for failure to pay the accelerated balance *before* the proceeds were made available to respondents.

The judgment of the trial court is affirmed. Costs and attorney fees on appeal to respondents Crowley.